**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Douglas J. Mayes, Appellant.

Appellate Case No. 2012-213144

———————————

Appeal From Lexington County
Howard P. King, Circuit Court Judge

———————————

Unpublished Opinion No. 2015-UP-018
Submitted September 1, 2014 – Filed January 14, 2015

———————————

**AFFIRMED**

———————————

Appellate Defender LaNelle Cantey DuRant, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Jennifer Ellis Roberts, both of
Columbia, for Respondent.

———————————

**PER CURIAM:** Douglas Mayes appeals his convictions for trafficking crack cocaine, more than twenty-eight grams but less than one hundred grams, and possession of cocaine, arguing the trial court erred in admitting into evidence (1)

the drugs and chemist's report, and (2) the drug scales and plastic bags. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in admitting the drugs and chemist's report: *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *State v. Cheeseboro*, 346 S.C. 526, 538-39, 552 S.E.2d 300, 307 (2001) ("To establish a due process violation, a defendant must demonstrate (1) that the State destroyed the evidence in bad faith, or (2) that the evidence possessed an exculpatory value apparent before the evidence was destroyed and the defendant cannot obtain other evidence of comparable value by other means."); *Arizona v. Youngblood*, 488 U.S. 51, 57 (1988) (explaining the Due Process Clause does not require reversal "when we deal with the failure of the State to preserve evidentiary material of which no more can be said than that it could have been subjected to tests, the results of which might have exonerated the defendant"); *State v. Moses*, 390 S.C. 502, 518, 702 S.E.2d 395, 404 (Ct. App. 2010) ("South Carolina has adopted the duty to preserve analysis of *Arizona v. Youngblood* in its jurisprudence."); Rule 901(a), SCRE ("The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."); Rule 901(b)(1), SCRE (stating "[t]estimony of [a w]itness [w]ith [k]nowledge" that "a matter is what it is claimed to be" can satisfy the authentication requirement of Rule 901(a)).

2. As to whether the trial court erred in admitting the drug scales and plastic bags: *State v. Freiburger*, 366 S.C. 125, 134, 620 S.E.2d 737, 741-42 (2005) ("[W]here the issue is the admissibility of non-fungible evidence—that is, evidence that is unique and identifiable—the establishment of a strict chain of custody is not required . . . . [T]he trial court is viewed as having broad discretion to admit [non-fungible evidence] . . . on the basis of testimony that the item is the one in question and is in a substantially unchanged condition.").

**AFFIRMED.**[1]

**FEW, C.J., and THOMAS and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.